Shull *v.* Ostrander.

---

---

◇

---

SHULL *vs.* OSTRANDER.

After an agreement for an exchange of horses had been made between the parties, and consummated by a delivery, the plaintiff returned the horse he had received, and, after rescinding the first agreement, a new bargain was made, by which the defendant sold his horse to the plaintiff, for $100. *Held* that the representations and warranties made by the defendant on the first bargain did not enter into and form a part of the second, so as to constitute a defense to an action for fraud or breach of warranty.

The general rule is, that the representations or affirmations constituting a warranty, or the representations which are charged to be false, must be made during the negotiations for the sale.

A warranty must be made during the treaty, or at the time of the sale; or at least, before the performance of the substantial terms thereof.

APPEAL by the defendant from a judgment of the county court of Herkimer county, affirming a judgment of a justice of the peace.

The action was for fraud or breach of warranty on the sale

Shull *v.* Ostrander.

of a horse. The parties had exchanged horses. The defendant representing his horse to be six years old, and sound, except a bad cold, and good to draw. She was found not to be as represented, and that trade was given up, and the plaintiff took both horses, and gave his note to the defendant for $100. No new representations were made when the last trade was completed, except the allegation of the defendant that the stiffness of the mare, complained of by the plaintiff, was from a cold, which she would get over in a few days. The jury, upon these facts, found a verdict for the plaintiff, for $40; and from the judgment entered thereon, by the justice, the defendant appealed to the county court; which affirmed the judgment.

*S. & E. Earl,* for the appellant.

I. If we treat the action as founded upon the warranty alleged in the complaint, the judgment cannot be upheld. The plaintiff, at the trial, seems to have treated this as an action upon warranty, as he did not prove, or make any effort to prove, any fraud, before he rested his case. 1. The complaint sets forth two distinct and complete bargains, to wit, an exchange of horses on the 26th day of December, upon which the plaintiff gave his note to the defendant for $55; and upon which it may be claimed a warranty is alleged to have been made by the defendant; and another bargain, about two days after this, by which the former trade was rescinded, and the plaintiff took both horses and gave the defendant his note for $100, the transaction being in substance a sale of the horse for the $100. If any warranty is alleged on this last trade, it is only in reference to the soundness of the horse. It is not alleged that any representations were made as to age or other qualities; and the action is based upon this last trade, and the liabilities of the defendant, if any, grow out of it. 2. The action cannot be sustained by the warranty which it is claimed was made on the first trade. That was a distinct trans-

action, complete in itself, and with its termination all negotiation between the parties terminated for the time. It is not a case of continuous negotiations ending in a trade or sale; but each trade or bargain is distinct. As to the first trade, all the representations were made upon the 26th day of December. As to the second, all the representations were made on the day the note was given and the two horses were taken. (*Wilmot* v. *Hurd*, 11 *Wend*. 586. 1 *Strange*, 414.) 3. It is not claimed, and cannot be claimed, that the proof shows any warranty on the second trade. 4. No breach of warranty could be claimed as to the stiffness, as that certainly was adjusted on the second trade; and besides, the plaintiff knew of it and demanded no special warranty against it. (*Schuyler* v. *Russ*, 2 *Caines*, 202.) 5. But even if we are so far wrong, we are right in saying that this action cannot be sustained upon any warranty, for the reason that upon the second trade, and as a part thereof, the plaintiff agreed to take the horse " as she was." The plaintiff testified on his cross-examination that he said " she is mine now, let come what will." The defendant testified that " he was to take the mare as she was;" and in this he is not contradicted by the plaintiff. As the plaintiff was in court, it must be taken as true, or he would have contradicted it. These two expressions must be held to be tantamount, and they are equivalent to saying that the plaintiff was to take the mare with " all faults, sound or unsound." (*Baglehole* v. *Walters*, 3 *Camp*. 154 to 156. *West* v. *Anderson*, 9 *Conn*. 107. *Hilliard on Sales*, 235.) Hence there could not be any recovery rightfully for breach of warranty.

II. We claim that the complaint is for fraud. It has all the elements of such a complaint, and no one on reading it would suspect that it was for a breach of warranty. But if this be treated as an action for fraud, the judgment cannot be upheld. 1. The action must be sustained, if at all, for reasons above stated, by false representations made

Shull *v.* Ostrander.

at the time of the second trade. 2. At this trade there were no representations of any kind made, except as to the stiffness, and in reference to that, there is no pretense of fraud. 3. There is not a particle of testimony by any witness produced by the plaintiff showing, or tending to show, any fraud on the part of the defendant on either trade, and if it is proved at all, it is by the defendant himself. 4. We also claim, as we have above claimed in reference to the warranty, that on the second trade he agreed to take the horse "as she was" with all her defects, and hence that he cannot recover any damages for the alleged fraud. (*Baglehole* v. *Walters*, 3 *Camp.* 154 *to* 156. *West* v. *Anderson*, 9 *Conn.* 107. *Hilliard an Sales*, 235.) 5. As there is no proof of any fraud, it cannot be and should not be presumed. (*Fleming* v. *Slocum*, 18 *John.* 403. Hence we say upon the undisputed evidence in this case, the judgment cannot be sustained, whether this be treated as an action for fraud or for breach of warranty.

III. The justice erred in allowing the evidence which was objected to. If this be treated as an action on the warranty, then there had been no proof of any warranty as to the age, on the second trade. If it be treated as an action of fraud, there was no fraud as to the age.

IV. The justice erred in denying the motion for a nonsuit : If this was an action of fraud, upon the ground that no fraud was proven; if it be treated as an action of warranty, on the ground that no warranty was proved on the second trade.

*D. Pratt*, for the respondent.

I. The warranty and breach are found by the verdict of the jury upon conflicting testimony. The county court was therefore right in not disturbing their verdict.

II. The modification made in the trade at the second interview between the parties was based upon the stiffness of the mare, which the defendant then insisted was only.

temporary. In other respects the trade and the entire undertakings were left unimpaired. (11 *Wend.* 584.) 1. The defendant refused to cancel the trade, but in consideration of the temporary stiffness, as he called it, took the $100 note, instead of the horse and $55. 2. In all other respects the former trade was confirmed. 3. At all events it was a question of fact for the jury, upon the evidence, whether that was the intention of the parties or not.

III. There was no question of variance between the complaint and proof raised at the trial. The question is, therefore, simply whether the evidence was sufficient to support the verdict.

IV. The objection to the testimony of Sally Shull, as to the representations made at the first trade, was not well taken. As the first trade was not canceled, but confirmed in most of its provisions at the second interview, her testimony was clearly competent to prove a warranty.

*By the Court,* MULLIN, J. It is difficult to say what the cause of action is that is set out in the complaint. Both fraud and warranty are alleged, and perhaps the plaintiff is entitled to have his judgment sustained, provided he has shown himself entitled to recover for either.

The first contract was fully executed by the delivery to each party of the property to which he was entitled under the contract, and a new and independent agreement entered into in reference to the same property. If the plaintiff was now suing for breach of warranty on the first sale it is quite likely he would be entitled to recover, as there is but little question but that the defendant warranted his horse; nor but that such warranty was broken. But it is not claimed that this action was brought for breach of warranty, or fraud in the first sale or exchange. We must inquire, therefore, whether there was fraud or warranty in the second sale. The second sale was made

Shull *v,* Ostrander.

at the detendant's house, after the plaintiff had taken back the horse he received of the defendant, and informed the defendant that he thought the mare was stiff. The defendant said he thought not; after driving her he said he thought she was a little stiff, caused from cold, but thought it would pass off in a few days. The new bargain was then made, and the plaintiff took with him both horses, and gave the defendant his note for $100. Confining the negotiations of the parties to the time when the second bargain was made, there was nothing said by the defendant from which a warranty of the horse could be inferred, or an intention to warrant. The plaintiff's counsel, to get rid of this difficulty, insists that the defendant is liable for the representations made, and the warranties given, in the first sale, inasmuch as the plaintiff must be held to have made the second in view of, and in reference to, what had been said by the defendant on the first sale. That the second bargain was but a modification of the first, and not a new and independent agreement.

The second bargain was a new and distinct agreement whereby the first was rescinded, and new obligations assumed by the parties wholly inconsistent with the first. The first was an exchange of horses, the second was a sale, by the defendant, of his horse, after rescinding the first, for the sum of $100.

The question now is, do the representations and warranties given on the first enter into and form a part of the second. If they do, the judgment is right, and should be affirmed; if not, it must be reversed. The general rule is, that the representations and affirmations constituting the warranty, or the representations which are charged to be false, must be made during the negotiations for the sale (1 *Pars. on Cont.* 463, *note e.*)

In *Chitty on Cont.* 458, it is said the warranty must be made during the treaty, or at the time of the sale, or at

least before the performance of the substantial terms thereof. In *Wilmot* v. *Hurd*, (11 *Wend.* 584,) it was held that, generally, a warranty of an article should be made at the time of the sale, but if, when parties are first in treaty respecting the sale, the owner offers to warrant the article, the warranty will be binding, although the sale does not take place until some days afterward.

In *Hopkins* v. *Tanqueray*, (26 *Eng. L. & E.* 254,) the defendant owned a horse sent to Tattersall to be sold at auction. On the day previous to the sale, he saw the plaintiff at the stables examining the horse, and said to him: "You have nothing to look for, I assure you; he is sound in every respect;" upon which representation the plaintiff expressed his satisfaction as to the soundness of the horse, and examined him no further, and on the next day bid him off for a large price, at the auction. *Held* this was not a warranty, although the horse proved to be unsound. The court say there was no evidence to go to the jury of a warranty, the representation not being made in the course of, or with reference to, the sale. Can we say that the representations made with reference to an exchange of horses would have been made had the second bargain been the one under discussion? It seems to me not. When that bargain was concluded, the rights of the parties were fixed, and a new bargain, made in regard to the same property, must rest on its own facts and circumstances. Before the second bargain was made, the plaintiff had discovered defects in the horse, and it was on account of them that the defendant entered into the new agreement. It would be most unjust to the defendant to hold him to a warranty given on the first trade, when it was to get rid of it he entered into the second. I am, therefore, of the opinion that the representations made during the negotiation for the first bargain could not be considered as entering into, or forming a part of the new

one; and that there is, therefore, no evidence of fraud or warranty in the new sale to support the judgment.

The judgment of the county court, and of the justice, should therefore be reversed.

Judgment reversed.

[OSWEGO GENERAL TERM, July 14, 1865.  *Allen, Mullin, Morgan* and *Bacon,* Justices.]